CHARLES H. PATTEE, executor, *vs.* ADAH STETSON.

Suffolk.   December 14, 1897. — January 6, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Appeal — " Person aggrieved " — Ruling — Evidence as to Marriage.*

Where the appellant from a decree of the Probate Court allowing a certain instru-
ment as a last will claims her appeal as the widow of the testator, and the ex-
ecutor files an answer denying that she is his widow or that she is aggrieved by
the decree, at a trial of that issue a request for a ruling that, "for the purposes
of the hearing, she is not required to establish more than a *prima facie* case," is
rightly overruled, and a ruling "that she is not bound to establish conclusively
that there was a valid marriage subsisting at the death of the testator, but that,
taking all of the testimony into account, it should appear with at least a reason-
able degree of certainty that such was the case," is correct.

APPEAL from a decree of the Probate Court, allowing a cer-
tain instrument as the last will of John Stetson, Jr.

The appellant claimed her appeal as the widow of the tes-
tator.   The executor filed an answer denying that she was the
widow or that she was aggrieved by the decree, and moved that
the appeal be dismissed for want of jurisdiction.   He also moved
that she be required to specify the time and place at which she
claimed to have been married to Stetson, and the name of the
clergyman or civil officer who performed the alleged marriage
service; and such specifications were filed.   A trial was had
before *Morton*, J., to determine the issue of fact thus raised.
After a hearing of many witnesses, the appellant, at the close of
the evidence, " requested the court to rule that, for the purposes
of this hearing, she was not required to establish more than a
*prima facie* case."   The court declined so to rule, and ruled
" that she was not bound to establish conclusively that there
was a valid marriage subsisting at the death of Mr. Stetson, but
that, taking all of the testimony into account, it should appear
with at least a reasonable degree of certainty that such was the
case."   The judge was not satisfied that the appellant had
shown to a reasonable degree of certainty that she was the
widow of the testator, and he found that she was not his widow;
and the appellant alleged exceptions.

*R. M. Morse,* (*H. W. Scott* of New York with him,) for the appellant.

*F. E. Snow,* for the appellee.

KNOWLTON, J.    The appellant contends that the decision should have been in her favor upon her introducing testimony which, if uncontradicted, would warrant a finding that she was the testator's widow, notwithstanding that other evidence was introduced to control it which was found to outweigh it.    We understand that the court adopted the ordinary rule applicable to civil cases, that a party having the burden of proof must sustain it by a fairly preponderating weight of evidence.

Original jurisdiction over the probate of wills is in the Probate Court alone.    That court is expected to give such a hearing and make such an investigation of the facts as is reasonably necessary to determine whether the will should be allowed. After a determination is made and a decree is entered, the decision is final, unless an appeal is taken to the Supreme Judicial Court by a person aggrieved by the decree.    Pub. Sts. c. 156, § 6. The Supreme Judicial Court has no jurisdiction to consider the case at all unless an appeal is taken by such a person.    In the present case, the jurisdiction was sought to be sustained solely on the ground that the appellant was the testator's widow. When the jurisdiction was denied, the burden was upon her to prove the facts necessary to show jurisdiction.    Nothing less than proof by a fair preponderance of the evidence bearing upon the question would answer the requirements of the statute.    If the essential fact was not fairly established upon the whole evidence, the court could not consider the case upon the merits.

The court ordered a trial of this preliminary question, and there was no reason for applying a different rule in regard to the proof required from that applicable to other civil cases.    The analogies urged upon us in the argument, from the practice of courts in regard to hearing parties in matters which are properly before the court, are not very pertinent.    The Probate Court, in considering a petition for the allowance of a will, may well hear any one who claims an interest, and who seems to be in a position to throw light upon the questions under consideration. It may in its discretion hear a person as *amicus curiæ,* or seek information in any other proper way at the hearing.    A Pro-

bate Court in its discretion may properly entertain an application for an order that an inventory or an account be filed by one who ought to file it, without inquiring very carefully into the legal right of the applicant to be heard as a party.

So, too, the cases which hold that the degree of interest is not material to the right of a party to appeal, if he has an interest which the law recognizes, do not bear very closely on the present case.   See *Smith* v. *Bradstreet,* 16 Pick. 264; *Boynton* v. *Dyer,* 18 Pick. 1; *Smith* v. *Sherman,* 4 Cush. 408; *Lewis* v. *Bolitho,* 6 Gray, 137; *Farrar* v. *Parker,* 3 Allen, 556; *Lawless* v. *Reagan,* 128 Mass. 592.

In the present case there is no question in regard to the degree of the appellant's interest.   If she is the testator's widow, this court has jurisdiction of her appeal; if she is not, it has not. The question having been put in issue by the appellee, it was to be determined.   If, instead of trying it in the beginning, the court had heard the appeal on the merits at the same time with the hearing on the question of jurisdiction, and if it had appeared at the close of the evidence that the appellant was not the testator's widow, the result would have been the same.   The case would have been dismissed for want of jurisdiction.   The degree of proof which would have been required on the question of jurisdiction would have been the same that was required at the trial which was had.   The ruling was sufficiently favorable to the appellant.                                          *Exceptions overruled.*