WILLIAM F. GOFF, executor, *vs.* EVA F. BRITTON & another.

Bristol.    October 28, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Practice, Civil,* Exceptions, Order of trial, Decree. *Devise and Legacy,* Omission to provide for issue, Construction.

Since St. 1880, c. 118, (R. L. c. 173, § 106,) imposing upon clerks of court the duty of presenting exceptions to the court, a party who has filed his exceptions seasonably does not lose his rights by a failure of the clerk to present the exceptions "immediately on the filing" as required by the statute.

On an appeal from a decree of a probate court allowing the account of an executor, appellants claiming under Pub. Sts. c. 127, § 21, (R. L. c. 135, § 19,) as issue of a deceased child for whom the testator omitted to provide by accident or mistake, may be required by the presiding justice in his discretion to prove their *locus standi* by establishing not only that they are such issue but that they were omitted unintentionally, before going into matters relating to the account, although the burden of proof is on the executor to show that the omission was intentional.

The scrivener who drew a will testified that the testator said "I want to give J.'s daughters four thousand dollars, but I shall not give it to them directly. I shall give it to A., their mother," and, on being asked whether it would not be better to mention them by name in the will, said "No, I have every confidence in A. that she will do the right thing." *Held,* that a finding was warranted that there was no mistake and that an omission otherwise to provide in the will for the daughters of J. was intentional.

*Semble,* that a bequest of the residue of an estate to the testator's son with the requirement that he shall provide for the testator during the testator's life and "in consideration of such filial duties well and truly performed" does not create a condition precedent.

It is irregular to enter a decree while exceptions are pending.

HOLMES, C. J.    This is an appeal from a decree of the Probate Court allowing the first and final account of an executor. It comes before us on exceptions taken by the appellants to the rulings of a single justice of this court, and the first question, although not pressed by the prevailing party, is whether the exceptions can be considered. They were seasonably filed but they were not presented to the justice for nine months, although he may be assumed to have been notified of them at once by the clerk. The failure to present the exceptions raised a doubt in the mind of the justice whether the right to go further with them might not have been lost since the statutes require the

exceptions to be presented to the court immediately on the filing of them. We are of opinion that the appellants have not lost their rights. Formerly, no doubt, the presenting was the duty of the excepting party, and to be performed at his peril. Gen. Sts. c. 115, § 7. *Barstow* v. *Marsh,* 4 Gray, 165, 167. *Tufts* v. *Newton,* 119 Mass. 476. *Browne* v. *Hale,* 127 Mass. 158, 161. But since St. 1880, c. 118, the duty of presenting the exceptions has been imposed expressly on the clerk. R. L. c. 173, § 106. The want of an exact compliance on the clerk's part with the statute does not harm the excepting party. *Browne* v. *Hale, ubi supra.* See *Wamesit Power Co.* v. *Lowell & Andover Railroad,* 130 Mass. 455, 457. The case is not like the duty of a poor debtor to see that a magistrate is in attendance at the time appointed for an examination. *Chesebro* v. *Barme,* 163 Mass. 79, 84. A poor debtor can get another magistrate if one fails him, or give a new notice. R. L. c. 168, § 70. The true analogy is that of failures on the part of registers and the like to do what is necessary in order to give the public notice, which does not affect the recording party because he has no power over their acts. *Sykes* v. *Keating,* 118 Mass. 517, 519. *Cleaveland* v. *Boston Five Cents Savings Bank,* 129 Mass. 27, 31. *Gillespie* v. *Rogers,* 146 Mass. 610, 612. *Orne* v. *Barstow,* 175 Mass. 193, 196.

The appellants and excepting parties are the children of a deceased son of the testator, and would have been entitled to a share of the testator's property had he died without a will. They were omitted from the will, and they alleged that the omission was by mistake. Pub. Sts. c. 127, § 21. R. L. c. 135, § 19. They also claimed an interest in the residue as intestate property on the ground that the residue was given to the testator's son on the requirement that he should provide for the testator during the life of the latter, and " in consideration of such filial duties well and truly performed," that this requirement was a condition precedent and that it had not been performed. The executor denied the appellants' interest and the single justice proceeded to try that question before going into the account. He found against the appellants upon both the issues of fact, and ordered the appeal dismissed. This the appellants contend was error. They contend in the first place,

and this is their main contention, that their relationship being admitted they were not called on to go further until the question of distribution was raised in proper form by petition or motion for a decree, after the account had been allowed and had shown what there was to be distributed. The executor had introduced the items of distribution into his account, as frequently is done, but it is said that this was contrary to sound practice and cannot affect the appellants' rights. *Granger* v. *Bassett*, 98 Mass. 462, 469. *Browne* v. *Doolittle*, 151 Mass. 595, 596. Compare *Palmer* v. *Whitney*, 166 Mass. 306, 309; *New England Trust Co.* v. *Eaton*, 140 Mass. 532, 533; *Emery* v. *Batchelder*, 132 Mass. 452, 453. It is assumed that but for the attempt to anticipate the proper moment of distribution the appellants would not have been called on to try the question of their interest at this stage.

We assume, for purposes of decision, that the items of distribution did not belong in the account, but that does not affect our opinion that the judge was warranted in trying the question which he did, at the time when he did, if in his discretion it seemed best. It very well may be that if he had thought it more convenient he might have allowed the appellants a *locus standi* on the strength of their allegations alone, or of the prima facie case made out by the admission of their relationship. *Pattee* v. *Stetson*, 170 Mass. 93, 95. But it is certain that it was within his power to require them to prove their standing at once. That was the first step of their case. His authority did not depend on the inclusion of a distribution in the account, but on the logic of the situation. If the appellants attempted to meddle with the executor, it was for them to prove their right to do so, before putting him to further proof. It would be an arbitrary rule of practice if their allegations were conclusive at that stage, and it is settled that there is no such rule. *Pattee* v. *Stetson*, 170 Mass. 93. *Palmer* v. *Whitney*, 166 Mass. 306, 310. *Cleveland* v. *Quilty*, 128 Mass. 578. The appellants admitted that they might be required to prove that they were next of kin. But if they could be required to prove anything they could be required to prove their whole case for their *locus standi*, or, in other words, that they were issue of a deceased child unintentionally omitted from the will. That was their

case none the less that they made it out prima facie by the admission that they were issue of a deceased child, or that the burden of proof as to intention was on the executor. *Ramsdill* v. *Wentworth*, 106 Mass. 320; *S. C.* 101 Mass. 125. *Hurley* v. *O'Sullivan*, 137 Mass. 86. Similar principles apply to the other ground taken by the appellants that there was an intestacy as to the residue.

The appellants contend further that even if the judge had a right to try the questions upon which he passed, there was no evidence which warranted the findings which he made. This is a desperate contention and needs but a word. It is not denied that the statements of the testator to the scrivener were admissible. *Wilson* v. *Fosket*, 6 Met. 400. The scrivener testified that he said, " I want to give Joseph's daughters four thousand dollars, but I shall not give it to them directly. I shall give it to Abbie D. Goff, their mother," and, on being asked whether it would not be better to mention them by name in the will, said, " No, I have every confidence in Abbie that she will do the right thing." It is argued that the testator may have intended to provide for the children and have been mistaken as to the way. It is enough that the justice at least was warranted in finding that there was no mistake, if such a mistake would have made any difference, where the omission was intentional, which it is decided that it would not have done. *Hurley* v. *O'Sullivan*, 137 Mass. 86. As to the contention that the supposed condition of the gift of the residue was not fulfilled, the son testified that he did it faithfully, and the judge could not well have found otherwise than he did. Probably also there was no condition precedent. *Colwell* v. *Alger*, 5 Gray, 67. See *Martin* v. *Martin*, 131 Mass. 547.

At the trial a petition brought by the accountant in his personal capacity, we presume under St. 1893, c. 340, and still pending, was put in evidence. It set up a title of the petitioner as devisee, alleged the claim made by the appellants and sought to compel them to bring an action to try their title. It is not argued that the pendency of such a proceeding could affect the accountant's right to dispute the appellants' title to intervene here. It needs no further mention.

Probably in consequence of the delay in presenting the

exceptions to the judge, there seems to have been an oversight similar to that noticed in *Green* v. *Crapo*, 181 Mass. 55, 57, in entering a decree while the exceptions were pending, — but it did no harm.

*Exceptions overruled; decree affirmed.*

*F. M. Sparrow*, for the appellants.

*A. J. Jennings*, (*J. M. Morton, Jr.* with him,) for the appellee.