JOHN H. O'BRIEN, trustee, *vs.* ELIZABETH M. FARRELL.

Middlesex.    November 14, 1921. — March 6, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Party interested, Procedure.

By the provisions of a will a trust was established which was to terminate "Upon the arrival of the youngest child" of the testator "at the age of thirty-five years, or upon the arrival of the time when the younger of my two children . . . [naming them] would have attained the age of thirty-five years, if she had continued to live," when the trust property was to be divided and distributed among the testator's children and the survivor of them and the issue of any child that might have died leaving issue; and, in case at such time there were surviving neither child nor issue of a child of the testator, sisters of the testator and others were to benefit. The testator's younger daughter died without issue before she reached thirty-five years of age. At the time when she would have reached that age had she lived, the testator's older daughter was living and the trustee filed accounts terminating the trust. A sister of the testator filed an appearance in opposition. The trustee filed a petition that such appearance be stricken from the files. The petition was granted and the contestant appealed. *Held,* that

(1) Under no contingency thereafter arising could the sister of the testator be entitled to anything under the will, and therefore she was not a party interested nor entitled to be heard upon the accounts of the trustee;

(2) The trustee was not obliged to wait until a hearing upon the accounts before raising the question of the interest of the contestant;

(3) The procedure by petition to strike the contestant's appearance from the files was proper.

PETITION, filed in the Probate Court for the county of Middlesex on November 24, 1920, by the trustees under the will of Sarah J. O'Neil, late of Somerville, seeking to have stricken from the files an appearance entered in behalf of one Elizabeth M. Farrell in opposition to the allowance of final accounts of the trustees.

The petition was heard by *L. E. Chamberlain,* J.    Material portions of the will of Sarah J. O'Neil were as follows:

"Seventh — The rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situate, of which I may die seised and possessed, or to which I may in any way be entitled at my decease I give devise and bequeath to my trustees, said Philip Eberle and Andrew Maguire, to have and to hold to them, their successors, heirs and assigns, but in trust

nevertheless, upon the trusts, with the power and authority, and for the uses and purposes following, that is to say: . . .

"(b) To pay over the net income of said trust property semi-annually, or oftener if said trustees deem it proper to and among my children, and the issue of any child of mine deceasing with issue, in equal shares, that is, the issue of any child of mine to take the share the parent would take if living, said net income to be so paid over to my children and the survivor of them and the issue of any child, that is, of either child deceasing, if any issue there should be, until the younger of my two children shall have arrived at the age of thirty five years, or would have arrived at that age, if she had lived, . . .

"(g) Upon the arrival of the youngest child of mine at the age of thirty five years, or upon the arrival of the time when the younger of my two children Sarah and Rose would have attained the age of thirty-five years, if she had continued to live, then said trustees are to pay over, divide and distribute the estate in trust remaining in their hands to and among my children and the survivor of them and the issue of any child of mine who may have deceased leaving issue surviving, in equal shares, by right of representation, the issue, if any, of any deceased child taking the share the parent would have taken, if living, and if there be no issue then to the child of mine surviving,

"(h) But if when the time shall have arrived when the younger of my two children if she continued to live would have attained the age of thirty five years, neither of my two children shall then be surviving and neither shall have left issue surviving then I direct said trustees to pay over and distribute and transfer over said estate as follows: to my sisters each seven hundred dollars if they survive my children, and neither of my children leaves issue continuing to survive; to either of my sisters living at the time for distribution in this clause provided seven hundred dollars and to my brother, if her [*sic*] survives seven hundred dollars; to my sister-in-law, Rose Carney, if she survive one thousand dollars, and if she is deceased then to her two daughters or the survivor of them said one thousand dollars, and the rest, residue and remainder of said trust estate to transfer, convey, pay over and distribute among the following share and share alike, namely: — said Home for Destitute Catholic Children in Boston, said Carney Hospital, said

Institution of the Little Sisters of the Poor in Boston, for their Somerville house, said House of the Good Shepherd, said Archbishop of Boston and his successor in said office, for the Cathedral of the Holy Cross, and said Rector of Saint Joseph's Parish aforesaid for the purpose of paying off the debt of said parish."

Material facts found by the judge are described in the opinion.

By order of the judge a decree was entered granting the prayer of the petition. Elizabeth M. Farrell appealed and at her request the judge reported the case to this court.

*M. F. Farrell,* for the respondent, submitted a brief.

*W. B. Sullivan, (A. P. Sullivan* with him,) for the petitioner.

JENNEY, J. The present and former trustees under the will of Sarah J. O'Neil having filed their final accounts in the Probate Court of Middlesex County, Elizabeth M. Farrell entered an appearance asking to be heard thereon. The trustees petitioned the Probate Court representing that she was not a party interested in the trust estate, and asking that her appearance might be stricken from the files.

After hearing, a decree was entered on February 17, 1921, in accordance with the prayer of the petition, from which decree said Farrell took an appeal which is now before us, the judge of the Probate Court, under G. L. c. 215, § 11, having reported the material facts.

The question involved depends upon the construction of the will of Sarah J. O'Neil who died on July 23, 1893, leaving as her only heirs and next of kin two daughters, Sarah T. O'Neil, (now Sarah T. O'Brien) and Rose A. O'Neil, the younger daughter, who was born on June 20, 1885, and died without issue on May 8, 1894. The testatrix also had two sisters, Mary A. Maguire, who died on April 6, 1914, and Elizabeth M. Farrell, the appellant, and a brother, Peter Treanor, who died on February 10, 1902. The material parts of the will are printed above.

Under the clear provisions of the will, upon June 20, 1920, when Rose A. O'Neil, the younger daughter of the testatrix, "would have attained the age of thirty-five years, if she had continued to live," it was the duty of the trustees to "pay over, divide and distribute the estate in trust remaining in their hands" to Sarah T. O'Neil, who was the surviving child of the testatrix, as her sister had died without issue. Elizabeth M. Farrell was to

take nothing in possession under the will unless both children died without issue before the date last stated. Both accounts were filed after Sarah T. O'Neil became entitled to the entire trust fund. Under no contingency thereafter arising could Elizabeth M. Farrell be entitled to anything under the will, hence she had no interest in the trust and no right to be heard on the allowance of the accounts.

The procedure adopted to determine this question was proper. The trustees were not obliged to wait until a hearing upon the account and then raise the question of the interest of the appellant. *Goff* v. *Britton,* 182 Mass. 293, 295.

The decree was rightly entered and must be affirmed.

*Ordered accordingly.*