ARTHUR J. WELLINGTON *vs.* ALICE DE CORDOVA.

Norfolk.     October 24, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court,* Issue for jury, Amendment of motion. *Marriage and Divorce.*

Where, in proceedings in a probate court upon a petition for the proof of a will, one alleging herself to be the widow of the testator files a motion for the framing of issues to be tried by a jury as to the formality of the execution of the will, the soundness of mind of the testator, and whether he was subjected to undue influence, and the petitioner for probate moves to dismiss that motion of the alleged widow on the ground that the mover is not the widow of the testator, whereupon the alleged widow moves to amend her motion by adding further issues for the establishing of facts determinative of her status in court as widow, it is a proper exercise of discretion on the part of the judge of probate to rule that the status of the contestant entitling her to exercise a right as a widow in the proceedings should be determined as a preliminary question by the court and not by a jury, and to deny the contestant's motion to amend her motion for jury issues.

PETITION, filed in the Probate Court for the county of Norfolk on October 3, 1923, for proof of the will of Julian Dana de Cordova, late of Brookline, the petitioner alleging that the deceased left no widow and as "his only heirs-at-law and next-of-kin, the persons whose names, residences and relationship to the deceased are as follows, viz: . . . Julian deCordova . . . Father; Alice deCordova . . . (claiming to be widow of deceased)."

Counsel for Alice de Cordova filed an appearance "in opposition to the allowance of said will," and a motion that there be framed for trial by jury four issues relating, respectively, to the formality of the execution of the will, the soundness of mind of the alleged testator, and whether the execution of the will was procured by the fraud or undue influence of certain persons.

The petitioner filed a motion, denying that Alice de Cordova was widow of the decedent, and asking that her motion for jury issues be dismissed for that reason.

Alice de Cordova then filed a motion to amend her motion for jury issues by adding eight further issues for trial by jury relating solely to facts bearing upon the question whether she had a standing in court as the widow of the deceased. This motion was heard by *McCoole*, J., a stenographer having been appointed under G. L. c. 215, § 18. No evidence was introduced, counsel being content to submit the issues on statements of counsel and briefs.

Upon request by counsel for· Alice de Cordova, under G. L. c. 215, § 11, the judge filed a report which closed with the following: "Upon consideration of the issue, and after an examination of the authorities submitted, I decided that the status of the contestant entitling her to exercise such right [as widow of the decedent] should be determined as a preliminary question, and following some of the authorities decided that such question should be tried before the court and not before a jury."

The judge accordingly "entered a decree dismissing [denying] said motion" of Alice de Cordova to amend her motion for the framing of jury issues. Alice de Cordova appealed.

*W. C. Rice*, for the respondent.

*W. R. Buckminster*, for the petitioner, was not called on.

RUGG, C.J. A petition was duly presented to the Probate Court for the allowance of the will of Julian Dana de Cordova, late of Brookline. Alice de Cordova appeared in that proceeding, alleging that she was the widow of the deceased. Her status was denied. She presented a petition that several issues be framed for trial by jury, designed to establish whether she is the widow of the deceased. Her appeal from the refusal of the judge of probate to frame issues brings the case here.

It is manifest that the question whether Alice de Cordova is the widow of the decedent is preliminary to the question whether the instrument offered for probate should be allowed as his last will. Although the two issues might be tried together, it was entirely proper that the status of Alice de Cordova be tried and decided first. *Goff* v. *Britton*, 182 Mass. 293. *Pattee* v. *Stetson*, 170 Mass. 93.

No error of law is disclosed on this record.    Instances may be found in the books where an order has been made for the trial to a jury of issues more or less similar to those here requested.    See, for example, *Phillips* v. *Chase*, 203 Mass. 556, where questions as to undue influence and coercion in an adoption were framed.    In *Lufkin* v. *Lufkin*, 182 Mass. 476, a question like that here prayed for was tried to a jury.    These cases are rare exceptions and do not indicate a policy.    The general practice of the Supreme Judicial Court prior to the enactment of St. 1919, c. 274, § 7, now G. L. c. 215, § 16, was to frame issues for trial to a jury only in cases involving the probate of wills.    That practice is discussed fully and set out at length in *Fuller* v. *Sylvia*, 240 Mass. 49.    It is not necessary to traverse that ground again.    What there was said is applicable to the case at bar.    The action of the judge of probate was in conformity to the principles there stated. It was in harmony with numerous more recent decisions. *Cook* v. *Mosher*, 243 Mass. 149.    *Clark* v. *McNeil*, 246 Mass. 250.    *Burroughs* v. *White*, 246 Mass. 258.    *Connell* v. *Sokoll*, 247 Mass. 203.    *Smith* v. *Brewster*, 247 Mass. 395. *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263.    *Old Colony Trust Co.* v. *Spaulding*, 250 Mass. 400, *Wilbar* v. *Diamond*, 249 Mass. 568.    *Beal* v. *Davis, ante*, 175.

*Decree dismissing motion affirmed.*