JAMES A. DOCKRAY, executor, *vs.* JAMES A. O'LEARY, JR., & others.

Norfolk.   June 27, 1933. — June 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Petition for instructions, Appeal. *Executor and Administrator. Words,* "Person aggrieved."

The executor of a will brought a petition in a probate court for instructions as to what distribution should be made of the residue of the estate, for which there was no provision in the will. He was interested

in the matter in his individual capacity and as such he was one of the respondents. In his capacity as executor he filed an appeal from a decree made upon his petition. Neither he in his individual capacity nor any other respondent appealed. In this court for the first time a motion was filed to dismiss the appeal on the ground that the executor was not a "person aggrieved" under G. L. (Ter. Ed.) c. 215, § 9. *Held,* that

(1) The motion raised a question pertaining to the jurisdiction of this court and must be considered on the appeal although it was not raised in the Probate Court;

(2) The appellant had no such interest as executor as would make him in his official capacity "a person aggrieved" within the meaning of the statute;

(3) The appeal must be dismissed.

PETITION for instructions, filed on November 22, 1932, in the Probate Court for the county of Norfolk, by the executor of the will of Michael J. Dockray.

The petition was heard by *McCoole,* J., by whose order a final decree was entered from which the executor as such alone appealed.

In this court a respondent moved that the appeal be dismissed.

The case was submitted on briefs.

*C. E. Houghton,* for the appellant.

*S. E. Duffin,* for the appellees.

DONAHUE, J. The executor of the will of Michael J. Dockray, who was also a son of the testator, brought a petition in the Probate Court asking for instructions with regard to the disposition of certain personal property not specifically disposed of by the will or codicil. The will bequeathed certain property to each of his five children including a sum of money to his daughter Frances L. O'Leary who died before the testator, leaving two children, Charles O'Leary and James A. O'Leary, junior. About two months after her death the testator made a codicil to the will which recited the death of his daughter, stated "It is my will that my grandsons, Charles and James A. O'Leary Jr., shall receive no part of my estate" and divided the sum of money bequeathed to his daughter under the will among the son who was named executor and two other of his sons in different

amounts. Neither will nor codicil contained any bequest of the residue of the testator's estate, which consists of personal property.

So far as appears the estate is ready for distribution. The will and codicil contain no continuing trusts and the administration of the estate will be fully completed when the simple ministerial act of distribution is performed. This being the situation, the executor filed his petition for instructions. The petitioner named as parties respondent himself, his three brothers and the two grandsons of the testator, these being all of the testator's heirs at law and next of kin. The petitioner in his individual capacity, his three brothers and the two grandsons accepted service of the petition and thus became the parties respondent to the suit. The only appearance for any of the respondents was filed by counsel for the two grandsons. An appearance was entered for the petitioner in his official capacity as executor. The probate judge entered a decree ordering "that the residue of the estate not specifically disposed of by the will and codicil be distributed as follows: one fifth each" to the four sons of the testator and "one tenth each" to the grandsons.

The executor in his official capacity alone appealed from the probate decree. The two grandsons filed in this court a motion to dismiss the appeal. This presents the question whether the executor is "a person aggrieved" within the meaning of those words as used in the statute which gives only to such persons the right to appeal from a probate decree. G. L. (Ter. Ed.) c. 215, § 9. Since "This court has no jurisdiction to consider an appeal from a decree of the Probate Court unless it is taken by a person aggrieved by the decree" (*Finer* v. *Steuer*, 255 Mass. 611, 617), the motion to dismiss was properly filed and must be considered here, although the question, so far as the record shows, was not raised in the Probate Court.

The executor having, in his official capacity, brought all interested parties before the Probate Court, fulfilled his whole duty and had no further interest in the outcome of the suit except to abide by and carry out the instructions of the court

in the distribution of the estate. *Houghton* v. *Kendall,* 7 Allen, 72, 73. *Gordon* v. *Green,* 113 Mass. 259. *Burroughs* v. *Wellington,* 211 Mass. 494, 496. *Security Trust Co. of Lynn* v. *Boyce,* 257 Mass. 586, 589, 590. *Thompson* v. *Martin,* 281 Mass. 41, 43. He did not choose to assert by an appeal in his individual capacity the personal interest which he manifestly had. As executor he properly sought the instructions of the court. Although all other parties in interest, since they filed no appeal, must be taken to be satisfied with the instructions given, he was not. He proposes by his appeal in the capacity of executor, at the expense of the estate, to seek other and contrary instructions.

This executor is not in the position of the trustees in *Ripley* v. *Brown,* 218 Mass. 33, who brought no petition for instructions but were made parties defendant in a direct attack upon the office which they purported to hold and upon the validity of a live, charitable trust under which they had long acted and purposed to continue to act. In the present case the only official duties to be performed by the executor after he had brought and presented to the Probate Court his petition for instructions were to make distribution in accordance with the instructions which the court by final decree should give him, and to present for allowance after distribution his final account. In these circumstances he had no such interest as executor as would make him in his official capacity "a person aggrieved" within the meaning of the statute. Since neither he nor any of his three brothers whose interests were alike affected by the final decree has appealed and asserted any personal rights as legatee under the will, the determination of those rights has not been brought before us. The motion to dismiss must be allowed.

*Appeal dismissed.*