HAROLD J. WESTON, administrator, *vs.* ALBERTA C. FULLER & others.

Plymouth.    November 10, 1936. — June 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Probate Court*, Appeal.

No question was presented by appeals from a probate court's decree of distribution and a denial of a motion to revoke or amend it to include additional counsel fees, where the issues raised related solely to questions of fact and no evidence nor material facts were reported.

An appeal from a decree of a probate court dismissing an administrator's appeal from a decree of distribution was dismissed by this court because the record did not show that the appellant was a person aggrieved by the decree appealed from.

PETITION for distribution, filed in the Probate Court for the county of Plymouth on June 19, 1935.

The matter of distribution was heard by *L. E. Chamberlain*, J. Motions were heard by *Poland*, J. The administrator appealed from decrees entered.

The case was submitted on briefs.

*M. Collingwood*, for the petitioner.

*R. M. Fletcher*, for the respondents.

RUGG, C.J. These appeals relate to the estate of Lydia L. Atwell, late of Kingston in this Commonwealth, deceased, intestate. The pertinent facts and proceedings are these: Harold J. Weston was duly appointed administrator of the estate of the intestate upon a petition which as originally filed contained the name of one heir at law, and as amended contained the names of twelve additional persons as heirs at law. The administrator is not an heir at law. The admin-

istrator filed his first account of receipts and disbursements covering the period from the time of his appointment until April 7, 1935, showing a balance in cash in his hands of $3,663.96. After citation, that account was allowed by decree entered on November 12, 1935. On June 19, 1935, the administrator filed a petition (dated April 12, 1935) for distribution of the balance in his hands as shown by his account. The schedule of heirs at law of the intestate set forth in this petition comprised the heirs at law already named, and in this petition designated as second cousins, and one other designated as a first cousin. Citation issued on this petition for distribution. On October 21, 1935, appearances were filed in behalf of the personal representatives of two deceased persons, late residents of Iowa, alleged to have been first cousins of the intestate. On November 12, 1935, a decree was entered ordering distribution by the administrator of the balance of the estate of the intestate to three persons, one third to each. On November 29, 1935, the administrator filed a motion to revoke or amend the decree of distribution entered on November 12, 1935, "so that he will be authorized to pay . . . additional counsel fees incurred since June 1, 1935, because of an exhaustive examination of the genealogy of the family of the decedent and an investigation was necessary to ascertain the correct" distributees. After hearing, this motion was denied on December 17, 1935. On November 30, 1935, the administrator filed a claim of appeal from the decree of distribution entered on November 12, 1935. One of the distributees filed a motion on December 11, 1935, that this claim of appeal be dismissed for divers specified reasons. One of the reasons was that the administrator was not entitled to appeal. Touching these matters, on December 17, 1935, there was entered an order or decree to the effect that after hearing it had been found that the administrator was "not a person aggrieved by the decree from which the appeal is claimed" and that "the appeal is dismissed." On January 3, 1936, the administrator claimed an appeal (1) from the order or decree of December 17, 1935, denying his motion to revoke or amend the decree of distribution of November 12, 1935,

and (2) from the order or decree of December 17, 1935, dismissing his claim of appeal.

The record is somewhat complicated. Several technical questions arise involving probate procedure and accounting and the inquiries whether the administrator was a person aggrieved by any order or decree from which he undertook to appeal and whether jurisdiction to decide that point is vested in the probate courts. All of those questions need not be considered because, since in any event the administrator cannot prevail, there seems to be no objection to stating the grounds of substantive law which support that result. *Commonwealth* v. *McNary*, 246 Mass. 46, 48. *Grant* v. *Pizzano*, 264 Mass. 475, 478.

The administrator presses all three of his appeals in argument before this court. No evidence is reported concerning any one of them. G. L. (Ter. Ed.) c. 215, §§ 9, 12; c. 214, §§ 24, 25. No report of material facts was made by the trial judge. G. L. (Ter. Ed.) c. 215, § 11. The entry of each decree imported the finding of all facts necessary to support that result. Such finding in each instance must be accepted as final, since we have no means of revising it. It is plain that there is nothing in the record to indicate error in the decree of distribution. No ruling of law was made. The issues raised appear to have related wholly to questions of fact. The decree was within the scope of the petition.

The denial of the motion to revoke or amend the decree of distribution presents no question of law. Probate courts have inherent power to correct an error in accounts already settled. *Stetson* v. *Bass*, 9 Pick. 27, 30. *Foster* v. *Foster*, 134 Mass. 120, 122. *Dodd* v. *Winship*, 144 Mass. 461, 463, 464. The exercise of this jurisdiction commonly rests in the sound judicial discretion of the trial judge. *Thompson* v. *DeVisser*, 219 Mass. 40, 43. *Rowell* v. *Milliken*, 266 Mass. 448, 453. *Beardsley* v. *Hall*, 291 Mass. 411, 413. It is provided by G. L. (Ter. Ed.) c. 206, § 16, that an administrator "shall be allowed his reasonable expenses." The determination of the reasonableness of such charges rests with the trial judge. His decision is final where there is no report of the evidence. *Grigaliunos* v. *Frost*, 270 Mass. 455,

457. The trial judge may have found that there was no
error to be corrected and no occasion for modification of the
decree of distribution.

It is apparent that the administrator fails to show any
error in the decree for distribution or in the denial of the
motion to revoke or amend that decree. The order of December
17, 1935, is framed in part as a finding of fact to the
effect that the administrator "is not a person aggrieved by
the decree from which the appeal is claimed." It is not a
ruling of law. No evidence is reported on this matter. If
that finding was within the jurisdiction of the Probate Court,
the administrator has suffered no harm. If that finding
was not within such jurisdiction, the administrator does not
show any harmful error for the reason that, if his appeals
are treated as pending, his rights have not been infringed,
as has already been shown.

Only a person aggrieved by an order or decree of a probate
court has a right to appeal therefrom. This court has
no jurisdiction to consider an appeal from such order or
decree unless it is taken by a person aggrieved thereby.
G. L. (Ter. Ed.) c. 215, § 9. *Pattee* v. *Stetson*, 170 Mass. 93.
*Littlejohn* v. *Littlejohn*, 236 Mass. 326. *Finer* v. *Steuer*, 255
Mass. 611, 617. *Dockray* v. *O'Leary*, 286 Mass. 589, 591.
A person aggrieved is one who "has some pecuniary interest,
some personal right, or some public or official duty resting
upon him, affected by the decree." *Monroe* v. *Cooper*, 235
Mass. 33, 34. *Murray* v. *Massachusetts Bonding & Ins.
Co.* 283 Mass. 15, 16. Great latitude is given to this court
as to the course of proceedings and the form of decision on
appeal. G. L. (Ter. Ed.) c. 215, § 28; c. 231, § 124. The
administrator does not show that he was aggrieved by the
decrees from which he appealed. The finding of fact is that
he was not so aggrieved. *Finer* v. *Steuer*, 255 Mass. 611.
*Dockray* v. *O'Leary*, 286 Mass. 589, 591. There is nothing
in the record to show that he was so aggrieved.

The result is that the decree of distribution of November
12, 1935, and the denial of the motion to revoke or amend
that decree entered on December 17, 1935, stand unaffected
by any appeal. The claim of appeal from the order or decree

of December 17, 1935, dismissing the administrator's claim of appeal, was of no effect because he has failed to show himself a person aggrieved. That appeal is dismissed.

*Ordered accordingly.*