CHARLES M. BALLARD & another, trustees, *vs.* THOMAS F. MAGUIRE & others.

Suffolk. January 3, 1944. — October 5, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Probate Court,* Appeal. *Husband and Wife.*

Two trustees under a will which gave to one of them no interest in either income or principal of the trust fund and to the other only a contingent interest in the principal were not aggrieved by and had no right to appeal from a decree of the Probate Court directing that a sum of money accounted for by them as income be credited to principal.

The mere fact that the wife of a trustee under a will might have been aggrieved by a decree as to the trustee's account gave the trustee no right to appeal from the decree.

PETITIONS, filed in the Probate Court for the county of Suffolk on August 21, 1940, and January 11, 1941, respectively.

The petitions were heard by *Prest*, J., and *Dillon*, J., respectively.

*D. Burstein*, for the petitioners-trustees, appellants.

*E. Kurland*, for the respondents Beatrice E. Bliss and Alice S. Byrnes.

DOLAN, J.  These are appeals, by the trustees under the will of Marion Seaverns Kelley, from two decrees entered in the Probate Court.  The first appeal is from the decree entered on November 12, 1940, on the trustees' first account.  The second appeal is from a decree dated April 29, 1941, denying and dismissing a petition of the trustees that the decree entered on their first account be vacated and further hearing had thereon.  These appeals were entered in this court on September 2, 1943, and were argued before the court on January 3, 1944.  The latter appeal was waived when the case was argued here.  The respondent Bliss moved that the appeals be dismissed on the ground that the appellant petitioners are not persons aggrieved within the meaning of G. L. (Ter. Ed.) c. 215, § 9, and hence are not entitled to appeal.  See *Pattee* v. *Stetson*, 170 Mass. 93, 94; *Finer* v. *Steuer*, 255 Mass. 611, 617; *Weston* v. *Fuller*, 297 Mass. 545, 548, and cases cited.

The only respect in which the accountants contend that they are aggrieved is by the action of the judge in decreeing that an item of $12,866.21 accounted for by them as "Accumulated net income . . . turned over to . . . [them] by Executrix" be disallowed and that the said sum be credited to the principal of the trust estate.

It is settled that "In order to give a right of appeal . . . it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." *Lawless* v. *Reagan*, 128 Mass. 592, 593.  *Hayden* v. *Keown*, 232 Mass. 259, 261.  "A party aggrieved is one whose pecuniary interest is . . . affected by the decree; one whose right of property may be . . . divested by the decree."

*Wiggin* v. *Swett*, 6 Met. 194, 197. See *Nesbit* v. *Cande*, 206 Mass. 437, 440.

The accountant Hurley (the cotrustee) has no pecuniary or beneficial interest in the trust estate. Under the terms of the will of the testatrix the only interest that the accountant Ballard has is a contingent one in the principal of the trust estate. He has no interest in the income therefrom. His possible interest in the principal of the trust estate is strengthened by the credit of the sum in question to principal rather than to income. No one entitled to the income of the trust estate has appealed. The relationship of Ballard to his wife who is entitled to certain income from the trust estate does not confer upon him a right to appeal in her interest. *Lawless* v. *Reagan*, 128 Mass. 592, 593. She has taken no such action. *Ripley* v. *Brown*, 218 Mass. 33, relied upon by the accountants, is distinguishable. See *Dockray* v. *O'Leary*, 286 Mass. 589, 592.

Costs and expenses of these appeals may be allowed out of the principal of the trust estate to the respondents or their counsel in the discretion of the Probate Court.

*Appeals dismissed.*