GEORGE M. BROOKS, Judge of Probate, *vs.* MARY L. TOBIN
& others.

Middlesex.   March 21. — April 6, 1883.   DEVENS & W. ALLEN, JJ., absent.

A person was appointed guardian of a minor by the Probate Court in this Commonwealth, where he and his ward resided. He was also subsequently appointed guardian by the chancery court in another State by ancillary letters of guardianship, and as such collected in that State a certain sum of money. This sum he included in his inventory filed in the Probate Court, and also filed his account therein ; and, by a decree of that court, there was found to be due from him a certain sum, which decree is now in full force. He resigned as guardian in this Commonwealth, his resignation was accepted, and another person was appointed guardian in his place; and he had not received his discharge as guardian in the other State. *Held,* that, so long as the decree of the Probate Court remained in force, there was a breach of the condition of his bond, that, at the expiration of his trust and on the settlement of his accounts, he should "pay over and deliver all the estate and effects remaining in his hands, or due from him on such settlement, to the person or persons lawfully entitled thereto."

CONTRACT, for the benefit of the guardian of two minors, upon a bond given to the judge of probate by the defendant Tobin as their former guardian, containing the condition that, at the expiration of her trust and on the settlement of her accounts, she should "pay over and deliver all the estate and effects remaining in her hands, or due from her on such settlement, to the person or persons lawfully entitled thereto." The case was submitted to this court upon agreed facts, which appear in the opinion. If the action could be maintained, judgment was to be entered for the plaintiff in the penal sum of the bond; otherwise, the plaintiff was to be nonsuited.

*M. F. Farrell,* for the plaintiff.

*C. K. Fay,* for the defendant.

FIELD, J. This case is submitted upon an agreed statement of facts. The law of Mississippi is a fact to be shown, and the agreed facts contain no statement of what that law is. We do not judicially know what it is, or that it differs from the law of Massachusetts. Mary L. Tobin was appointed guardian by the Probate Court of the county of Middlesex in this Commonwealth, where she and her wards resided. She was also subsequently appointed guardian by a chancery court in Mississippi, by ancillary letters of guardianship, and, as such, collected in

Mississippi $5000. This money she included in her inventory filed in the Probate Court for the county of Middlesex, and she has also filed her account therein; and, by a decree of that court, " there is due this plaintiff the sum of $2516.20, which decree is now in full force." She has resigned as guardian in this Commonwealth, her resignation has been accepted, and Augustus Andrews has been appointed guardian in her place. She contends that, " as matter of law, she cannot pay over the balance due from her as guardian in this Commonwealth by said decree of the Probate Court, until she has received her discharge as guardian in said chancery court of Mississippi."

On general principles of law, the courts of Mississippi have full jurisdiction over the allowance of her accounts as guardian appointed in that State, and over the administration of the property of her wards situated therein. *Woodworth* v. *Spring,* 4 Allen, 321. It may be that she was not required to charge herself in Massachusetts with the money collected by her in Mississippi, in her capacity of guardian appointed in that State, until she had settled her accounts in Mississippi, and had been ordered by the courts of that State to transfer to herself as guardian appointed in Massachusetts, where her wards resided, the money remaining in her hands, after paying the claims, charges and expenses which had been allowed by the courts of Mississippi. *Jennison* v. *Hapgood,* 10 Pick. 77. *Clark* v. *Blackington,* 110 Mass. 369. *Emery* v. *Batchelder,* 132 Mass. 452. But she has voluntarily transferred the money collected in Mississippi to herself as guardian appointed in Massachusetts, and included it in her inventory filed here, and a decree has been entered against her by the Probate Court for the county of Middlesex, which it is agreed "is now in full force." If the defendant Tobin was aggrieved by that decree, she should have appealed from it; so long as it remains in force, there is a breach of the condition of the bond. In accordance with the agreement of facts, judgment must be entered for the plaintiff for the penal sum of the bond. *So ordered.*