JOHN J. BURNS, administrator, *vs.* EFFIE B. HOVEY.

Middlesex.    March 15, 16, 1922. — July 5, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Executor and Administrator,* Widow's allowance.    *Probate Court,* Appeal.

A widow's allowance decreed by the Probate Court properly may be paid by an executor from the proceeds of a subsequent sale of real estate, which constitutes the only asset of the estate, made for the purpose of paying debts and charges of administration by license of the Probate Court.

A testator by his will, proved on January 31, 1918, devised his property, which consisted entirely of real estate, to his daughter. On the following October 7, an allowance of $350 was decreed to the widow; and in the following December she waived the provisions in the will and claimed her statutory distributive

share. The executrix sold the real estate for $1,400 by license of the Probate Court granted February 7, 1919, for the payment of debts and charges of administration and filed an account seeking credits for payments exceeding $1,400 which was modified by leaving in her possession an amount of $550 and as modified was allowed. Included among the items allowed was the amount of the widow's allowance. The executrix was removed from office July 1, 1919, and an administrator with the will annexed was appointed April 7, 1920. The executrix filed another account in 1921 for a period subsequent to the appointment of the administrator in which she charged herself with a balance of $550 remaining from the proceeds of the sale of the real estate and asked for an allowance of a payment of that amount alleged to have been made to herself as "only heir at law and legatee." The Probate Court disallowed the account, no reason for the disallowance being stated. Upon an appeal from the decree of disallowance where there was no finding of facts nor report of evidence, it was *held,* that

(1) The case was properly before this court upon the accountant's appeal;

(2) On the record there was no error in the failure to allow the account;

(3) The payment of the widow's allowance was made properly;

(4) The executrix had no right to interfere in the settlement of the estate after her removal;

(5) In the circumstances disclosed the judge was not bound to exercise his authority to settle the amount with which the accountant was chargeable and to direct payment to the person entitled.

PETITION, filed in the Probate Court for the county of Middlesex on September 13, 1921, asking for the allowance of the third account of the executrix of the will of George A. Dudley, late of Waltham.

The petition was heard by *L. E. Chamberlain,* J. From the record it appeared that on February 7, 1919, the petitioner was licensed to sell the real estate of the testator. Other material facts are described in the opinion. The petitioner contended that, as no decree had been made for the payment of the widow's allowance from the proceeds of the sale of the testator's real estate, a payment so made and which had been allowed in a previous account of the petitioner, from which no appeal was taken, must be regarded as a payment of the only sum to which the widow was entitled in the distribution of the estate. By order of the judge a decree was entered disallowing the account; and the petitioner appealed.

*P. J. Duane,* for the petitioner.

*J. M. Browne,* for the respondent.

JENNEY, J. George A. Dudley, a resident of Waltham, died leaving a widow, Annette F. Dudley, and a daughter, Effie B.

Hovey. By his will, duly proved in Middlesex County on January 31, 1918, he provided that his wife should have no part of his estate and bequeathed all his property to his daughter, who was the executrix. So far as appears by the record the only property owned by the testator consisted of an undivided half interest in land, with a house thereon, appraised at $1,700.

On October 7, 1918, a decree was entered entitling Mrs. Dudley to an allowance of $350; in December of that year she filed a waiver of the provisions of the will and claimed such portions of the estate of the deceased as she would have taken if he had died intestate. R. L. c. 135, § 16; c. 140, § 2. G. L. c. 191, § 15; c. 196, § 2.

The executrix was removed from her office on July 1, 1919. On April 7, 1920, John J. Burns was appointed administrator with the will annexed of the estate of the testator not already administered and on appeal this decree was affirmed on June 19, 1920. During the pendency of the proceedings for removal, the executrix was duly licensed to sell the real estate at private sale for $1,400 for the payment of debts and charges of administration.

The executrix filed an account in which she charged herself with $1,400 as the proceeds of the sale and sought to be allowed $1,418.25 for payments and charges. This account was finally allowed with modifications, which left $550 still in her possession. No distribution of the estate was shown, but charges against the deceased, the estate, and the payment of the widow's allowance were included.

Mrs. Hovey in 1921 filed another account in which she charged herself with $550, the balance of the former account as finally determined, and asked to be allowed for a payment of that amount which was alleged to have been made to herself as "only heir at law and legatee." After hearing, this account was disallowed generally and without any specification as to the items which were found to be improper. It does not appear why this disallowance was made.

The case is properly here upon the accountant's appeal and there is no finding of facts or report of evidence. *Dwyer* v. *Dwyer*, 239 Mass. 188. *Gonzales* v. *Gonzales*, 240 Mass. 159. The judge may have found that the amount for which the accountant

charged herself ought to have been larger and that the payment claimed had not in fact been made or if made that it was after her removal.

Clearly, on this record, there was no error in the failure to allow the account. The appellant's only contention is that the payment made by her to the widow was without legal authority. She argues that an allowance cannot be made from the realty which was the only property belonging to the estate, except after a decree authorizing a sale for its satisfaction, and that no such authority has been given. R. L. c. 140, § 2. G. L. c. 196, § 2. Assuming that this question is open after the final allowance of the account including the payment, and that its propriety ought to be considered in the absence of a proceeding to reopen the former account (see G. L. c. 206, §§ 19, 24), we think that the payment was properly made. As the property could have been sold for the purpose of satisfying the allowance, it is plain that an executrix may be authorized to use the proceeds of a sale in her hands for that purpose. No reason appears for reopening the account already allowed, nor for compelling the widow to refund the amount received by her. See G. L. c. 206, § 23. *Palmer* v. *Whitney,* 166 Mass. 306. *Rhines* v. *Wentworth,* 209 Mass. 585, 588. *Welch* v. *Boston,* 211 Mass. 178, 183. Clearly she was not obliged, as urged by the accountant, to credit it upon the amount to which she was entitled in the final distribution of the estate. The decree of sale was made within the time fixed in R. L. c. 140, § 2.

Moreover Mrs. Hovey had no right to interfere in the settlement of the estate after her removal. It was her duty to deliver to her successor all the property held by her as executrix. G. L. c. 215, § 25.

The decree did not determine how much if anything was due to or from the accountant. Instead of merely disallowing the account the judge might well have proceeded to settle the amount with which the accountant was chargeable and might have directed payment to the person entitled thereto. G. L. c. 206, § 4. *Blake* v. *Pegram,* 109 Mass. 541. *Brooks* v. *Tobin,* 135 Mass. 69. *Loring* v. *Wise,* 226 Mass. 231. We think, however, that in the circumstances disclosed the judge was not bound to exercise that authority. Nothing appears as to the nature of the hearing before him. It is

conceivable that the evidence may not have afforded a sufficient basis to act more fully and that the interests of substantial justice may not have required further proceedings on his own initiative. Distribution of an estate may be compelled on a petition therefor. G. L. c. 206, § 21. As the accountant only appeals, we think that there was no reversible error. The decree of the Probate Court is affirmed:

*So ordered.*