EDWARD S. TOWNSEND *vs.* CHARLES E. S. TOWNSEND & another.

Middlesex.    November 17, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Guardian,* Account. *Probate Court,* Decree. *Evidence,* Presumptions and burden of proof.

A decree of the Probate Court upon accounts of a guardian for two minor wards, brothers, ordering stricken from the accounts all items referring to an alleged investment in forty shares of the capital stock of a certain railroad corporation and charging the guardian with the amount of the investment with interest from the date when the investment was alleged to have been made, is warranted where the only evidence at the hearing on the accounts was testimony of the guardian, who testified that at the time of the alleged investment he had in his hands uninvested funds of the wards amounting to only $3,179.37, that the price paid for the stock was $5,823.12, that he personally advanced the amount needed beyond the funds in his hands as guardian, intending to repay himself from the dividends and from money that would come to the wards from time to time from the estate of the wards' grandfather, that the certificates for the shares were taken and had remained in his individual name, one being for twenty-five shares and one for fifteen shares, that they were kept in a safe deposit box standing in his individual name, and that he kept no record nor account which would show that the stock ever belonged to the wards.

A decree of the Probate Court upon an account of a guardian which reduces an item in schedule B, "Fees, as guardian," from $500 to $250 is warranted upon

evidence which tends to show that the period covered by the account was from 1904 to 1920; that the amount of schedule A as finally allowed was $12,630.27, of schedule B was $581.50 and of schedule C was $12,048.77; that the guardian was a lawyer, that he signally failed to perform his duties as guardian in many respects; that the funds of the ward remained uninvested for long periods; that he kept no record or account that would enable any one in the event of his death to determine what money and securities he held for each of the wards; that he filed no account in the Probate Court until 1920; that his bond was for only $1,000 and that one of the sureties thereon had been dead for ten years, and that an alleged investment in capital stock of a certain railroad corporation had been disallowed by the court.

PETITIONS, filed in the Probate Court for the county of Middlesex on September 20, 1920, for the allowance of first and final accounts of Edward S. Townsend as guardian of Charles E. S. Townsend and of Newell C. Townsend, respectively.

The account filed as guardian of Charles E. S. Townsend was for a period beginning April 1, 1904, and ending May 15, 1919. Under Rule 10 of the Probate Court, the guardian purported to state in schedule A all items showing amounts charged to him in his inventory and received by him during the period covered by the account. In schedule B he asked to be allowed for sundry items of payments and charges. In schedule C he purported to state by items the balance of property in his hands at the end of the accounting period. Among other items in the account were the following:

An item in schedule A, reading "Dividends from 20 shares New Haven stock June 1911–Oct. 1913, $380."

The total of schedule A was $10,902.95.

An item in schedule B, "Legal services, $250."

An item in schedule B, "Fees, as guardian, $500."

The total of schedule B was $826.50.

An item in schedule C, "1911 June 20 shares N. Y. N. H. & H. R.R. stock 145½ & com $2,911.56."

The total of schedule C was $10,076.45.

The account filed as guardian of Newell C. Townsend was for a period beginning April 1, 1904, and ending July 15, 1920. It contained the same items described above, excepting that the total of schedule A therein was $11,952.40; that of schedule B was $881.50, [arithmetical computation shows that this should have been $831.50] and that of schedule C was $11,070.90 [arithmetical computation shows that this should have been $11,120.90].

The petitions were heard by *Lawton,* J., a stenographer having been appointed under G. L. c. 215, § 18, to take the testimony. Only one witness, the petitioner Edward S. Townsend, testified. Material evidence is described in the opinion.

In each case the judge entered a decree striking out from schedule A the item, "Dividends from 20 shares New Haven Stock June 1911 — Oct. 1913 $380," and inserting in place thereof, "Interest on $2,911.56 from June 15, 1911 to July 15, 1920 @ 4 % $1057.87," making the total of schedule "A" in the Charles E. S. Townsend account $11,580.82, and in the Newell C. Townsend account $12,630.27; amending schedule B by reducing the amount of the item of guardian's fees to $250, making the total of schedule B in the Charles E. S. Townsend account $576.50 and in the Newell C. Townsend account $581.50; and amending schedule C by striking out the item as to New York, New Haven and Hartford Railroad Company stock and inserting in place thereof an item "Cash $3,839.43," leaving in the hands of the guardian to be accounted for in the Charles E. S. Townsend account a balance of $11,004.32, and in the Newell C. Townsend account a balance of $12,048.77.

The petitioner appealed.

*G. H. Mellen,* for the petitioner.

*S. M. Child,* for the respondents.

DE COURCY, J. Edward S. Townsend's account as guardian of his son Charles E. S. Townsend, covered the period from the beginning of the guardianship in April, 1904, until Charles became of age in May, 1919. His account as guardian of his son Newell C. Townsend was from April, 1904, to July 15, 1920. The Probate Court disallowed the item in each account of an alleged purchase in June, 1911, of twenty shares of the stock of the New York, New Haven and Hartford Railroad; and charged the guardian with the purchase price and interest. The court also reduced the guardian's fees from $500 to $250 on each account. His appeal from these modifications is before us, with a transcript of the evidence, but without any findings of fact. The decree must stand unless an examination of the evidence shows that it was plainly wrong. *Dickinson* v. *Todd,* 172 Mass. 183. *Wier* v. *American Locomotive Co.* 215 Mass. 303, 307. *Burns* v. *Hovey,* 242 Mass. 363.

It appears in evidence that the appellant bought the New Haven stock in June, 1911, paying therefor $145.50 per share and commissions, amounting to $5,823.12. The certificates were taken in his individual name, one for twenty-five shares and one for fifteen shares; and they have always so remained. He kept no record or account which would show that this stock ever belonged to his wards; and the safe deposit box in which the certificates were kept stood in his name. The stock has paid no dividends since September, 1913. He testified that he had only $3,179.37 uninvested belonging to his wards at the time when he bought it; and that he advanced the balance, intending to repay himself from the dividends and from money that would come to the wards from time to time from the estate of their grandfather. The judge who heard the case apparently did not credit this uncorroborated testimony, but treated the stock as that of the appellant, and credited to him the $380 received as dividends. We cannot say that the Probate Court was wrong in charging the accountant with the amount he claimed to have so paid, and interest thereon at four per cent to the date of the decree.

The same conclusion is reached as to the amount allowed to the guardian for services. From the examination of the appellant it appears that although as a lawyer he presumably was familiar with the duties of a guardian, he signally failed to perform them in many respects. The funds of his wards remained for long periods uninvested; he kept no record or account that would enable any one in the event of his death to determine what money and securities he held for each of the wards; he filed no account in the Probate Court until the present ones; his bond is for only $1,000 and one of the sureties has been dead for ten years; and his alleged investment of funds of the wards in said New Haven stock has been disallowed by the court.

*Decree affirmed.*