MICHAEL T. FLAHERTY *vs.* ARTHUR F. WHITIN.

Worcester. September 22, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Conservator. Probate Court,* Appeal.

In response to a citation issued from a probate court on a petition, by one alleging himself to be a "friend" of the respondent, for the appointment of a conservator of the property of the respondent by reason of his advanced age and mental weakness, the respondent appeared by

counsel and moved that the petition be dismissed. A decree was entered which, after stating the substance of the petition, concluded, " It appearing that said petitioner is not a friend of . . . [the respondent] within the true meaning and intent of G. L. c. 201, § 16, and therefore has no right to institute this proceeding. It is decreed that said petition be and the same is hereby dismissed." The petitioner appealed and in this court contended that there had been no hearing on the petition. The only papers shown by the record were the petition, the citation, the appearance of counsel, the motion to dismiss the petition, the decree, and the appeal. *Held*, that

(1) The wording of the decree plainly showed that a hearing was had on the question whether the petitioner was a " friend " of the respondent as required by the statute;

(2) The inquiry as to the alleged friend's personal relations with the respondent was one of fact, and, there being no report of the evidence nor report by the judge of the material facts found by him as provided in G. L. c. 215, § 11, the finding was conclusive.

PETITION, filed in the Probate Court for the county of Worcester on April 2, 1924, for the appointment of a conservator of the property of the respondent, alleged to be " incapacitated by reason of advanced age and mental weakness to properly care for his property."

On the return day of a citation, an appearance on behalf of the respondent was filed by counsel, who also filed a motion to dismiss the petition. On April 21, 1924, the final decree described in the opinion was entered by order of *F. H. Chamberlain*, J. The petitioner appealed from the decree, described by him to be a decree " whereby said court dismissed said petition without a hearing on the merits and after the respondent had submitted himself to the jurisdiction of the court by having filed a general appearance of counsel."

The only papers included in the record in this court on appeal were the petition, the citation, the appearance of counsel for the respondent, the motion of the respondent's counsel that the petition be dismissed, the decree of the Probate Court, and the appeal by the petitioner.

*M. T. Flaherty, pro se*, submitted a brief.

*C. M. Thayer*, for the respondent.

BRALEY, J. The petition, which is in conformity with G. L. c. 201, § 16, alleges, that the respondent by reason of advanced age and mental weakness has become incapacitated

to properly care for his property, " Wherefore your petitioner, a friend of said Arthur F. Whitin, prays, that some suitable person be appointed conservator of the property of said Arthur F. Whitin agreeable to the law in such case made and provided, and that the statements herein contained are true to the best of his knowledge and belief." It was signed, verified, and filed by the petitioner, and, a citation having issued, the respondent appeared by counsel, who, without assigning any reasons therefor, moved that the petition be dismissed. The court of probate on the face of the record had jurisdiction of the parties and of the subject matter of the petition. G. L. c. 201, §§ 16, 17. See § 21. The record is bare of any further recitals except the decree, which, after stating the substance of the petition, concludes, " It appearing that said petitioner is not a friend of said Arthur F. Whitin within the true meaning and intent of Section 16 of Chapter 201 of the General Laws of said Commonwealth, and therefore has no right to institute this proceeding. It is decreed that said petition be and the same is hereby dismissed."

The petitioner, who appealed, contends that the dismissal of the petition was erroneous because no hearing was given. It cannot be said as matter of law that there was no hearing. The wording of the decree plainly indicates that a hearing was had on the question whether the petitioner was a " friend " of the respondent as required by the statute. The inquiry as to his personal relations with the respondent was one of fact, and there being no report of the evidence, nor report by the judge of the material facts found by him as provided in G. L. c. 215, § 11, the finding is conclusive. *O'Neill* v. *O'Neill*, 231 Mass. 258, *Hale* v. *Blanchard*, 242 Mass. 262, *Burns* v. *Hovey*, 242 Mass. 363. G. L. c. 215, § 12; c. 214, §§ 24, 25; c. 231, § 125.

*Decree affirmed.*