MATTIE O. BRATT, administratrix *de bonis non* with the will annexed, *vs.* RANDALL T. COX, administrator with the will annexed, & others.

Norfolk.   May 23, 1934. — May 1, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Appeal, Findings by judge, Drawing of inferences. *Executor and Administrator*, Transfer by executor to himself as legatee. *Devise and Legacy*, Power. *Power*.

Findings by a judge of probate of subsidiary facts based upon agreed facts and brief, uncontradicted testimony reported with the findings on appeal should not be set aside by this court unless they were

plainly wrong; but this court should draw the proper inferences from all the facts unaffected by the inferences drawn by the judge of probate.

Where it appeared that the widow of a testator was named executrix of his will and was given thereby a life interest in the greater part of his property, with "full power to use, sell, transfer and dispose of" such property for her own benefit; that, a few months after the testator's death and before the widow had completed the administration of his estate or had filed any account or petition for leave to distribute assets to herself, she, having sought advice as to the investment of funds in a bank account of the estate, purchased bearer bonds and paid for them with checks on the account signed by her as executrix; that she understood that she could transfer funds of the estate to herself by drawing a check as executrix payable to herself; and that some months after purchasing the bonds she died, the proper inference was that the bonds were property of the estate of the testator, not that the money used to purchase them was appropriated by the widow to her own benefit under the power given her or that the bonds were property of her estate, notwithstanding that before her death she had placed certain property of her own in a safe deposit box of the testator's estate, but had distinctly separated such property from securities formerly owned by him which were in the box, and that after her death the bonds so purchased by her were found with her property in the box.

PETITION for instructions, filed in the Probate Court for the county of Norfolk on June 14, 1933.

The petition was heard by *McCoole*, J., upon an agreed statement of facts and certain testimony. It appeared that the bonds purchased as described in the opinion were payable to bearer. Other material facts and evidence, and the decree entered by order of the judge, are described in the opinion. Certain parties appealed. The judge made a report of material facts; and the testimony was reported.

The first three requests for rulings by Old Colony Trust Company, succeeding trustee under the will of Joseph H. Ordway, were to the effect that on all the evidence it as such was entitled to the bonds, coupons and interest in question. The second and fourth rulings given at the request of the respondents Stowell, Pratt, Wilson and Randall T. Cox, administrator with the will annexed of the estate of Grace P. Ordway, widow of Joseph H. Ordway, were as follows: "2. The evidence in this case warrants a finding by the court that Grace P. Ordway appropriated to

her own use for her own benefit and enjoyment the bonds in question." "4. It was not within the ordinary duty of Grace P. Ordway as executrix of the estate of Joseph H. Ordway to invest the cash of the estate in securities in order to secure a larger income, and in case of loss, by reason of said investment, she might have been legally bound to reimburse said estate for the same; therefore, it is a fair presumption that the said Grace P. Ordway purchased said bonds not for the benefit of the estate but for the benefit of herself and for her own use."

*T. Lyons, Jr.*, stated the case.

*W. B. Leach*, for Channing H. Cox, guardian.

*S. H. Lyon*, for Old Colony Trust Company, trustee.

*J. P. Rooney*, for Randall T. Cox, administrator with the will annexed.

*R. H. Oveson*, for H. P. Pratt.

*F. H. Tarr, Jr.*, (*R. T. Cox* with him,) for Nellie G. Stowell and others.

*M. O. Bratt, pro se*, submitted a brief.

RUGG, C.J.  This is an appeal from a decree entered in the Probate Court on a petition for instructions as to the distribution of certain bonds with coupons and accrued interest on certain savings bank deposits, brought by Mattie O. Bratt, administratrix with the will annexed *de bonis non* of the estate of Joseph H. Ordway.  The case was submitted to the trial judge upon an agreed statement of facts and certain uncontradicted and undisputed oral testimony.  Thus it appears that Joseph H. Ordway died testate in January, 1932, leaving a widow and a daughter by a former wife, who is the present petitioner.  By his will the widow was named executrix, and the bulk of his property was left to her "for her life only, but with full power to use, sell, transfer and dispose of the same in any manner she may deem necessary for her benefit or enjoyment during her lifetime," with an admonition to provide for the support and comfort of his daughter, and the further provision that "Should my daughter Mattie, without leaving issue, predecease my wife, then in that event, my wife shall have the power to dispose of all the property by testamentary provisions."  "All of

said property which remains undisposed of at the death of
my wife" was left in trust for the daughter and her issue.
The widow was appointed executrix in February, 1932, but
died in the following December without completing her
administration or filing any account. Among the assets
left by the testator were two checking accounts in national
banks aggregating almost $60,000 and deposits in savings
banks. The checking accounts were changed into the
name of the estate. They bore interest at the rate of one
per cent from October 19, 1931, to May 16, 1932, and at
the rate of one half of one per cent from the latter date to
December 31, 1932. A safe deposit box in which the
testator kept securities likewise was changed into the name
of his estate. In April, 1932, the executrix gave up her own
safe deposit box and moved her valuables into the box of
the estate after pushing the valuables of the estate into
the back part of the box so as to keep her property in the
front separate from that of the estate. This was done
pursuant to advice of her attorney. The executrix was
worried about her income although she was receiving
between $9,000 and $10,000 annually from property other
than that provided for her under her husband's will. In
March or April, 1932, she consulted a former business
associate of her husband as to the investment of part of
the estate in the checking accounts in the national banks
to the end that more income might be received from them.
He recommended the purchase of certain conservative
bonds. Acting on that advice, she purchased bonds late in
April to the value of $10,000, early in May to the value of
$5,000, and late in July to the value of $10,000. In pay-
ment of these bonds she gave checks on the checking
account of the estate signed by her, two as executrix and
one as Grace P. Ordway, which, two days later, she wrote
to the bank should have been signed as executrix. In June
she paid to herself a widow's allowance of $2,500 from the
checking account by a check payable to her own order
drawn by her as executrix. After the death of the widow
these bonds were found in the front of the safe deposit box
with certain of her personal belongings, distinctly separated

from securities formerly owned by her husband which were in the back part of the box. Coupons payable after the purchase and before her death were found uncut and attached to the bonds. No interest from deposits in the savings banks had been withdrawn.

The decree entered by the probate judge upon the present petition was that all the bonds purchased as above are the property of the estate of the widow. The correctness of this portion of the decree presents the only controversy now to be determined. The decree also provided that the income from savings bank accounts standing in the name of the testator from the date of his death to the date of the decease of his widow and the uncollected coupons on the bonds purchased by the widow after his death belonged to the estate of the widow. No question is raised concerning the correctness of this part of the decree and that ruling is conceded to be correct. G. L. (Ter. Ed.) c. 197, § 26. *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500.

Appeals from the decree were taken by the present petitioner and by the succeeding trustee appointed under the will of the testator. Upon request the trial judge reported the material facts. That report is based primarily upon the agreed statement of facts, although certain findings are based upon the brief, uncontradicted oral testimony reported in the record. In these circumstances the findings of primary facts by the probate judge will not be set aside on appeal unless they are plainly wrong. *Cummings* v. *Russell*, 258 Mass. 502. *French* v. *Bray*, 263 Mass. 121. This rule is specially applicable to cases where evidence is conflicting, as in *Needham Trust Co.* v. *Cookson*, 251 Mass. 160, or where the findings are based on lengthy oral testimony, as in *Bowles* v. *Comstock*, 286 Mass. 159. It differs from the principle applied in actions at law where general and special findings of a judge based upon the hearing of oral evidence are to stand if warranted in law upon any reasonably possible view of the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. The reason for the rule is that the appeal brings up the record, and this court not only draws inferences of fact from facts found by the

trial judge, but where no question of conflicting oral evidence is involved this court is in the same position as the trial judge and draws its own inferences from the facts and determines the relief to be granted. *Curran* v. *Magee,* 244 Mass. 1, 5. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 333. The trial judge in the case at bar found that the widow "purchased said bonds with the money that she appropriated to her own use, benefit and enjoyment" from the estate of the testator under the provisions of his will and that "said bonds became part of her personal property." This finding was not based upon any direct evidence but was an inference from the agreed facts and those disclosed in the uncontradicted, unconflicting and apparently undisputed oral testimony. In these circumstances our judgment of the proper inferences to be drawn from all the facts is unaffected by the inferences drawn by him. *Robinson* v. *Pero,* 272 Mass. 482.

In the case at bar the widow was controlling the checking account of the estate of the testator in her capacity as his executrix. She understood that the deposit belonged to her in her trust capacity as executrix and that she could by drawing a check payable to herself individually transfer funds from the estate to herself. That is manifest from the payment of a widow's allowance to herself in that manner. No such transfer was made of the funds with which the bonds were purchased. They were paid for directly by checks drawn upon the checking account of the estate. To alter the ownership of the property of the estate under such circumstances a notorious, authoritative and unequivocal act to transfer title is necessary. *Hobbs* v. *Cunningham,* 273 Mass. 529. *Brackett* v. *Fuller,* 279 Mass. 62. All the acts of the executrix with reference to the bonds are consistent with retention of the title in the estate of the testator. There was no decisive act indicating a purpose to transfer the assets from the estate of the testator to the executrix. She filed no account showing such distribution. She filed no petition with the Probate Court for authority to make such distribution. Such distribution would have depleted the estate seriously at a time when

claims of creditors could still be asserted and within less than seven months after the death of the testator. The single circumstance, that the bonds were placed in the front of the safe deposit box standing in the name of the estate rather than in the back of the box where were other securities of the estate, in all the conditions disclosed was not an open, notorious or unequivocal act indicating a purpose to make a change of ownership. It is just as consistent with continued ownership by the estate as with appropriation to her personal use. The increase of income arising from the investment in the bonds would inure to her benefit equally whether title was in the estate of the testator or in herself. No presumption is permissible on this record that the executrix purchased the bonds for herself and not for the estate on the ground that she had no right to make such an investment for the benefit of the estate. It was her duty to manage the estate wisely and prudently in order to get as much income as was consistent with absolute safety of principal. All the facts and circumstances constrain us to set aside the inference drawn by the trial judge and to decide that the bonds were the property of the estate of the testator at the time of the death of the executrix.

The first three requests for rulings presented by the Old Colony Trust Company, succeeding trustee under the will of the testator, were denied rightly, and the other three which were denied need not be considered. The second and fourth rulings given at the request of the respondents Stowell, Pratt and Wilson were erroneous, as were likewise the identical second and fourth rulings given at the request of the administrator of the estate of the widow. The other requests need not be considered.

It becomes unnecessary to determine whether the widow was empowered under the will to appropriate the property in question to herself and deprive the daughter of the testator of any right in it.

The result is that the final decree is reversed and a new decree is to be entered to the effect that the interest due on the savings bank accounts from the date of the death of the testator to the death of the widow, and the uncollected

coupons on the bonds purchased by the widow due prior to her death, belong to the estate of the widow, and that the bonds belong to the estate of the testator. Costs as between solicitor and client, to be paid out of the estate of the testator, are to be in the discretion of the Probate Court.

*Ordered accordingly.*