ARTHUR L. BROWN *vs.* MURRAY SANDLER. May 28, 1952. Exceptions overruled. In this action of contract to recover for legal services alleged to have been rendered to the defendant, the plaintiff had a verdict. There was evidence that the plaintiff performed legal services for the defendant at his request and had not been paid. The defendant excepted to the denial of his motion for a directed verdict. In support of this exception he argues that there was a variance between the declaration, which was on an account annexed, and the proof, which showed an express contract. This question is not open for the reason that the motion for a directed verdict was not based on the pleadings. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. *Melnick, petitioner,* 324 Mass. 524, 529. But even if the point was properly raised it is lacking in merit. It is settled that under a declaration with an account annexed a plaintiff may recover money due under a special contract that has been fully performed. *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270, 273. *Biggs* v. *Densmore,* 323 Mass. 106, 108. The exception to the charge is also without merit. It is true that the judge erroneously charged that the declaration contained two counts, one based on an express contract and one on quantum meruit, but he corrected this mistake when it was brought to his attention and the defendant was not harmed.

*Louis Winer,* (*George Rosenberg* with him,) for the defendant.

*Walter F. Henneberry,* (*Arthur L. Brown & Francis H. Caskin* with him,) for the plaintiff.

ESTA MOLLIE SHRIBER *vs.* BERNICE BLOCK. May 29, 1952. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court, in the matter of the alleged will of David J. Saltz, late of Haverhill, denying a motion by the contestant for the framing of issues for trial by a jury. The argument in behalf of the contestant is now directed only to the issue of undue influence. Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion. See *Hannon* v. *Gorman,* 296 Mass. 437.

*Walter M. Espovich,* for the contestant.

*Hubert C. Thompson,* (*J. Bradford Davis* with him,) for the petitioner.