DANIEL W. DUNN *vs.* JOSEPH H. McSWEENEY, executor, & others.

Middlesex.    December 2, 1958. — January 7, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Probate Court*, Appeal, Decree.    *Res Judicata.*

An indorsement by a judge of an order on a petition in a Probate Court, "After hearing the within petition is hereby dismissed," was a final decision on the merits. [272]

On appeal from a decree of a Probate Court without any finding of facts or a report of the evidence, the only question open was the power of the court to enter the decree upon any evidence which might have been presented, even if such evidence was only statements of counsel. [273]

The record of a proceeding in a Probate Court on a petition under G. L. c. 230, § 5, by a residuary legatee under a will, in which a final decree was entered ordering individual respondents to transfer shares of stock to the respondent executor of the will as property of the testator's estate, would have warranted a finding that the principle of res judicata barred a subsequent proceeding by the residuary legatee against the same respondents to have the dividends received on the shares by the individual respondents while they held them declared to be property of the estate and to have the individual respondents ordered to turn over such dividends to the respondent executor. [273]

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on October 24, 1956.

The case was heard by *McMenimen,* J.

*Edward M. Dangel,* (*Leo E. Sherry & Max L. Glazer* with him,) for the petitioner.

*Arthur L. Brown,* for the respondents Mary McEachern and others.

*Walter F. Henneberry,* for the respondent McSweeney, submitted a brief.

WILKINS, C.J. This is an appeal from an order entered in the Probate Court on January 16, 1957, dismissing a petition in equity, which alleges the following. The petitioner had previously filed a petition to bring assets into the estate of Charles J. Dunn, late of Somerville. This resulted in a decree dated April 14, 1955, in which six persons who were then respondents, and who also are now respondents, were ordered to deliver to the respondent executor of the estate of Charles J. Dunn certain shares of the capital stock of American Telephone and Telegraph Company, which were the property of the estate. The respondents and the number of shares respectively transferred by them to the executor are: Mary McEachern fifty shares; Kathleen McEachern and Bertha Tully five shares each; and John F. McMahon, Gertrude McMahon and Helen Gormley, ten shares each. Between April 15, 1949, and January 15, 1955, "while they wrongfully held said stock," these respondents received

twenty-four dividends and warrants or rights which were not turned over to the executor.

The prayers of the present petition are (1) that the executor be ordered to institute contempt proceedings against the other respondents for failure to turn over the respective amounts received from the dividends and the warrants or rights; (2) that these amounts be declared to have been property of the estate; (3) that the respondents be ordered to turn over to the executor the respective amounts so received; and (4) for further relief. There is no report of the material facts found by the judge or any finding of fact by him. The evidence is not reported. There is merely the judge's indorsement on the order, "Jan. 16, 1957. After hearing the within petition is hereby dismissed." This must be taken to be a final decision on the merits. *Bigelow* v. *Winsor*, 1 Gray, 299, 301. *Foote* v. *Gibbs*, 1 Gray, 412, 413.

We have no way of knowing what were the grounds of the judge's order. The respondent executor's answer alleges that by receiving the shares he had fully complied with the decree of April 14, 1955, which did not provide for the transfer of dividends and rights or warrants. The answer of the other respondents contains similar allegations and further alleges that the matter was in issue on the earlier petition and is res judicata; that the petitioners failed to take any steps to have the decree amended or to appeal to this court; and that "the petitioner and the other residuary legatee have forfeited their rights, if any, to the dividends [received] prior to the date of the decree in the equity petition because they did not reasonably pursue their remedy if any, and are guilty of laches."

The petition in the equity case, upon which the decree of April 14, 1955, was entered, was brought by the present petitioner and his sister. They are children of Charles J. Dunn and residuary legatees under his will. He died on February 22, 1949. The respondents were the six individuals who received the Telephone stock, the executor, and the American Telephone and Telegraph Company. The petition alleged that the executor refused to take action to

enforce the claims although demand was made upon him; that the petition was brought pursuant to G. L. c. 230, § 5; that the estate had as assets one hundred five shares of Telephone stock, a debt of $2,500 and interest due from the respondent Mary McEachern, and $3,500 in cash; and that the individual respondents claimed gifts of ninety shares and appropriated the $3,500 to their own use. The prayers now material were (4) "The court determine and decree the ownership of the said shares of stock"; and (5) "The court establish the indebtedness due from each of the respondents, except McSweeney and the American Telephone and Telegraph Company, to the estate of the decedent, Charles J. Dunn, and order that the same be paid." The decree ordered that the ninety shares of stock be transferred to the executor; and that "Mary McEachern pay to said executor the sum of five hundred dollars in payment of the indebtedness of said Mary McEachern to said estate."

In the absence of a report of the evidence or a report by the judge of the material facts found by him, the only question open is the power of the court to enter a decree upon any evidence which might have been presented. *Goss* v. *Donnell*, 263 Mass. 521, 523. *Gallagher* v. *Phinney*, 284 Mass. 255, 258. *Moulton* v. *Thompson*, 291 Mass. 308, 309. If there was a hearing on statements of counsel, for present purposes, this was the same as a hearing on evidence. On the record it cannot be contended that, as matter of law, the only hearing was on questions of law. *Flaherty* v. *Whitin*, 250 Mass. 177, 179. This is enough to dispose of the case. We nevertheless point out that a finding on the basis of res judicata could have been made. The question of the dividends ought to have been adjusted in the earlier petition. *Canning* v. *Shippee*, 246 Mass. 338, 339. *Bonifazi* v. *Breschi*, 296 Mass. 544, 548. *Willett* v. *Webster*, 337 Mass. 98, 101, 104. There is nothing to the contrary in *Vincent* v. *Plecker*, 319 Mass. 560, and other cases cited by the petitioners.

*Order dismissing petition affirmed.*