*Southern Division*

### JUSTINE C. GALANEK, P.P.A.
### v.
### HOWARD JOHNSON, INC.

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline. No. 927 of 60.

*Cox, J.* It is stipulated that the report is to be treated as a case stated, the correct judgment to be entered by the Appellate Division.

In such a situation requests for rulings have no standing and our burden is to order the correct judgment on the agreed facts. *Richard D. Kimball Co. v. Medford,* 340 Mass. 727, 728, 729.

A single question of law is reported for our determination. It is whether on the agreed facts the plaintiff can recover for breach of warranty under the provisions of the Uniform Commercial Code, G. L. c. 106, Sales, §2-318.

The agreed facts stated are that "On May 30, 1960, the plaintiff entered the defendant's restaurant in Brookline in the company of her boy friend. This plaintiff ate part of a hot dog, which was purchased for her by her boy friend. As the hot dog had a bitter taste and did not taste right, the plaintiff stopped eating it. As she was leaving the defendant's premises, she did not feel well. Subsequently she was afflicted by gastroenteritis, acute nausea, vomiting and diarrhea." Proper notice was given to the defendant. See G. L. c. 106, Sales, §2-607.

G. L. c. 106, Sales, §2-318 provides:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty

A seller may not exclude or limit the operation of this section."

The judge found for the defendant. We think he was right.

■ It is not disputed that before the Uniform Commercial Code became effective on October 1, 1958 the plaintiff could not have recovered for breach of warranty because there was no contractual relationship between her and the defendant. *Gearing v. Berkson,* 223 Mass. 257, 260; *Pearl v. Wm. Filene's Sons Co.,* 317 Mass. 529, 530; *Kennedy v. Brockelman Brothers, Inc.,* 334 Mass. 225; *Jacquot v. Wm. Filene's Sons Co.,* 337 Mass. 312, 318; *Sullivan v. H. P. Hood & Sons, Inc.,* 341 Mass. 216, 223.

■ Since the Uniform Commercial Code it is clear that any third person beneficiary of a warranty described in §2-318 may sue directly the seller whose warranty extends to him. See Uniform Commercial Code Comment 2, under §2-318. The precise question for decision therefore is whether the plaintiff is such a third person beneficiary of a warranty relating to the hot dog of which she ate and which could have been found to have harmed her.

The Code extends the benefit of a warranty to any natural person who is in the family or household of the buyer or who is a guest in his house. The plaintiff was a guest of her boy friend but she was not his guest in his home when she ate of the offending hot dog.

Neither was she a member of his family. We cannot presume to enlarge upon the clear expression of meaning evident in the statute as the plaintiff contends we should. To do so would violate a clearly expressed intention of the statute to limit a third person beneficiary of a warranty to a household guest or member of the family of the buyer. The Uniform Commercial Code 3, explains that "Beyond this the section is neutral and is not intended to enlarge or restrict the developing case law as to whether the seller's warranties, given to his buyer . . . extend to others in the distributive chain." No authority for extending the seller's warranty to a person in the plaintiff's position has been brought to our attention and we do not see it as within our province to develop case law by undertaking to extend a rule which existed before the Code, beyond the point the Code expresses in such precise language.

*As we perceive no reversible error, judgment should be ordered for the defendant.*