A. J. WILKINSON COMPANY *vs.* BOSTON REDEVELOPMENT AUTHORITY. December 7, 1970. The plaintiff excepts to and appeals from an order of the Superior Court sustaining a demurrer to its declaration and a denial of its motion for leave to amend. The case involves an alleged agreement by the Boston Redevelopment Authority to "pay and reimburse the plaintiff for the relocation expenses which . . . [it] would incur in becoming established in a new location." We think that a recital of the facts alleged in the original declaration and in the proposed amended declaration and the grounds set out in the demurrer would not be of any particular benefit. Because we believe that the issues before us are governed by our recent decision in the case of *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.* 357 Mass. 40, a repetition of a discussion of the legal principles would not be of any special judicial value. In our view the original declaration and also the proposed amended declaration state a cause of action. Consequently, it was error to sustain the demurrer and to deny the plaintiff's motion for leave to amend. We have dealt with the case on the exceptions and do not consider the appeals.

*Appeals dismissed.*
*Exceptions sustained.*

*Harold M. Willcox* for the plaintiff.
*Lewis H. Weinstein (Herbert L. Berman & Loyd M. Starrett* with him) for the defendant.

GORHAM K. GOULD'S CASE. December 30, 1970. This is a petition for contempt alleging noncompliance by the self-insurer with a decree after rescript in a workmen's compensation case. The rescript on which the decree was based resulted from our decision in 355 Mass. 66. After hearing, the judge denied the petition. The employee appealed. We treat the denial, although not embodied in a decree, as in substance a final decree. See *Bressler* v. *Averbuck*, 322 Mass. 139, 143. There was no error. The judge made no findings of fact and there is no report of the evidence. "In the absence of a report of the evidence or a report by the judge of the material facts found by him, the only question open is the power of the court to enter a decree upon any evidence which might have been presented." *Dunn* v. *McSweeney*, 338 Mass. 270, 273. The judge, to be sure, had before him a stipulation as to certain facts. But there is nothing in the record to show it to be the only evidence or facts before the court. It cannot, therefore, be said, hat, on evidence which the judge might have heard, the decision below was erroneous.

*Decree affirmed.*

*Pasquale J. Ventola* for the employee.
*Philander S. Ratzkoff* for the self-insurer.