*Southern District*

# No. 130

## PETER G. SHEAFFER
### v.
## ROBERT J. FUSCO

Argued: March 17, 1976. Decided: June 10, 1976.

Case tried to *Silva, J.,* in the First District Court of Barnstable. Number: 4039.

**By the Division·** This is an action of contract in which the plaintiff seeks to recover $1,766.58 in damages for costs of collection as alleged in plaintiff's declaration.[1]

The plaintiff and the defendant entered into a written contract whereby the plaintiff was to provide labor and materials was not made when due, the defendant would be liable for any expenses incurred by the plaintiff for the collection of the same.[2] Pursuant to said contract, the plaintiff provided said labor and materials to the defendant in the construction of a road; that said contract provided that if payment of the full amount owed the plaintiff for said labor and materials for which the defendant owed the plaintiff the sum of $5,247.27 which was not paid when due; that the plaintiff filed suit against the defendant for the amount due; that due to an innocent mistake on the part of the plaintiff and his attorney, the written contract was inadvertently overlooked and said action was brought on an account annexed only for labor and materials; that the plaintiff recovered a default judgment against the defendant in the sum of

---

1 as "expenses for attorney's fees".

2 The pertinent provision of the contract read as follows: "It is understood and agreed that when each phase of the work has been satisfactorily completed, the contractor shall be paid within thirty (30) days of completion thereof and, in the event that the payment shall be refused after that period of time, the contractor shall be entitled to charge interest thereon and any expenses of collection incurred in connection with said payment shall be borne by the owner."

$5,299.74; that execution issued and was satisfied in full; that the plaintiff incurred costs for collection on said amount due in the sum of $1,766.58; that subsequent to the recovery in this suit the plaintiff's attorney became aware of the written contract and brought this action to recover the cost of collection as called for in said written contract.

The defendant's answer consisted of a general denial, payment and *res judicata*.[3]

The facts as stated above were agreed to by both the plaintiff and the defendant and were submitted as a statement of agreed facts. The court found for the defendant.

The plaintiff filed six requests for rulings, three of which were allowed by the court. The court denied the following requests:

"(3)   The facts required to support the plaintiff's original cause of action would not as a matter of law support the cause of action in the present suit brought on the written contract.

(4)   The written contract on which this action is brought contained two divisible contracts.

(6)   The rule against splitting causes of action should not be applied and the instant suit can be maintained for the balance of the claim on the basis that the defendant has not been greatly inconvenienced as a result of two suits being brought instead of one and, further, that the

---

[3] "And further answering the defendant says that in the First District Court of Barnstable, case No. 3355, the plaintiff recovered judgment on August 9, 1974 in the sum of $5,299.74 and $18.16 for costs and damages against the defendant and execution was issued for said amount on August 13, 1974 and that said execution was returned to said Court on October 4, 1974 endorsed by the attorney for the Plaintiff "Satisfied in Full", for the cause of action mentioned in the plaintiff's first count, wherefore the defendant says that the plaintiff cannot recover in this action."

bringing of two suits was the result of the plaintiff's innocent mistake. *Veneseck vs. Great Northern Railroad Co.,* 136 Minnesota 96, 161 N.W. 494, 2 A.L.R. 530."

The court made the following special finding: "I find that the plaintiff's claim is unenforceable, since it is not a separate action, and should have been adjudicated in his claim for breach of contract previously adjudicated."

The plaintiff claims to be aggrieved by the trial court's denial of rulings Nos. 3, 4 and 6 on the basis that said rulings should have been allowed as a matter of law and which, if granted, would have entitled the plaintiff to a finding in his favor.

The issue presented by this case is whether a plaintiff may bring a second action at law for additional damages against a defendant from whom he has previously obtained judgment on the merits arising from the same cause of action.

Since the case was presented upon a statement of agreed facts amounting to a "case stated," the requests for rulings reported had no standing and brought no questions of law to the Appellate Division. Our duty is to order the correct judgment on the agreed facts. *Quincy v. Brooks-Skinner, Inc.,* 325 Mass. 406, 410-411 (1950). *Richard D. Kimball Co. v. Medford,* 340 Mass. 727, 728-729 (1960). *Galanek v. Howard Johnson, Inc.,* 24 Mass. App. Dec. 134.

It is settled that under a declaration with an account annexed the plaintiff could recover money due under a special contract which has been fully performed. *Biggs v. Densmore,* 323 Mass. 106, 108 (1948). *Brown v. Sandler,* 329 Mass. 763 (1952). The plaintiff elected to sue for breach of the written contract under a declaration with an account annexed in the first action. He recovered judgment against the defendant and the execution issued thereon was satisfied.

The plaintiff had only one cause of action arising from the breach of the written contract. The matter of expenses of collection was but one item of damage arising from the single cause of action for breach of contract to be alleged and proved by the plaintiff. The plaintiff had ample opportunity to state his cause of action completely and correctly but he failed to do so. It is the general rule that all damages resulting from a specified cause of action must be assessed in one proceeding. A single cause of action cannot be split and made the basis of several proceedings. *Canning v. Shippee*, 246 Mass. 338 (1923). *Dearden v. Hey*, 304 Mass. 659, 661-662 (1939). *Lawrence v. O'Neill*, 317 Mass. 393, 395-396 (1944). *Grunberg v. Louison*, 343 Mass. 729, 734 (1962).

In this case the conduct of the defendant, relied upon as actionable, is the same as in the earlier action. Thus, there is present every element essential for invoking the doctrine of *res judicata*— identity of cause of action, the same parties, and judgment on the merits by a court of competent jurisdiction. *Franklin v. North Weymouth Cooperative Bank*, 283 Mass. 275 (1933). *Dunn v. McSweeney*, 338 Mass. 270, 273 (1959).

'A judgment on the merits in an earlier proceeding between the same parties is a bar, as to every issue that in fact was or in law might have been litigated, to a later proceeding on the same cause of action". *Cleaveland v. Malden Savings Bank*, 291 Mass. 295, 298 (1935). *Ratner v. Rockwood Sprinkler Co.*, 340 Mass. 773, 775.

"The statement of a different form of liability is not a different cause of action provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong". *Willett v. Webster*, 337 Mass. 98, 102 (1958). *Fassas v. First Bank and Trust Company of Chelmsford*, 353 Mass. 628, 629 (1968).

There being no prejudicial error, **the report is dismissed.**